UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Habibullah Khwaja AHRARI,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Andrew M. SAUL,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-cv-1971-AGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2)** |

Plaintiff moves to proceed in forma pauperis (IFP). Plaintiff qualifies to proceed without paying the filing fee and initial review of the complaint shows it states a claim for relief. So, the Court grants plaintiff's IFP motion.

**Motion to Proceed In Forma Pauperis**

Typically, parties instituting a civil action in a United States district court must pay a $400 filing fee. *See* 28 U.S.C. §§ 1914(a); 1915. But if granted the right to proceed IFP, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff lists monthly household living expenses as $1,564.00 and household income as $1,199. (ECF 2 at 2, 5.) Plaintiff is not currently employed, but plaintiff's spouse earns the bulk of the household through employment and plaintiff supplements that with $119 in public assistance. (*Id.* at 1-2.) The couple has $300 cash on hand, and have to seek assistance from family after finding themselves "short" every month. (*Id.* at 2, 5.) Plaintiff

owns a car worth $10,000 and a house worth $280,000. (*Id.* at 3.) Despite significant home and auto assets, the Court finds that plaintiff's negative income and cash history sufficiently shows an inability to pay the initial $400 fee.

## 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff's complaint states a claim. Plaintiff recounts the procedural history before the Social Security Administration, which appears to have exhausted the available administrative remedies. (ECF 1, at 2.) Plaintiff identifies the disability's nature—"cerebrovascular disease with a history of a stroke"—which began in late 2017 and was post-surgery in March 2018 with "residual left sided weakness and dizziness" and an alleged raft of other complications. (*Id.*) Finally, plaintiff asserts that the Administration gave "limited weight" to a treating physician opinion which stated plaintiff suffered from an inability to sit or walk for enough time during a workday to find employment. (*Id.* at 3.) Because surviving § 1915(e) is a "low threshold," plaintiff's complaint has enough. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *see also Lenz v. Colvin*, No. 16-

cv-1755-JLS (PCL), 2016 WL 5682557, at *2 (S.D. Cal. Oct. 3, 2016) ("In social security appeals, a complaint challenging the denial of benefits 'must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief.'" (citation omitted)).

## Conclusion

For the reasons set forth above, the Court grants plaintiff IFP status and waives the filing fee.

Dated: October 7, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge